

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| LAMITTHIA McCORMIC; D'MARIO K. ANDERSON; LORETTA McCORMICK, *individually and as parent and legal guardian of D.K., a minor under the age of eighteen (18)*, Plaintiffs, vs. KERSHAW COUNTY SHERIFF'S OFFICE; LEE DOAN, *Sheriff of Kershaw County*; DEPUTY DAVID JORDAN; DEPUTY CHRIS BOYKIN; 911 OPERATOR BRENDA JOHNSON; RESPONDING UNIT 202, Defendants. | Civil Action No. 3:19-2578-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO
PLAINTIFFS' FEDERAL CLAIMS, AND REMANDING THE REMAINING STATE
LAW CLAIMS TO THE KERSHAW COUNTY COURT OF COMMON PLEAS**

The above-captioned Plaintiffs filed this civil action against the above-captioned Defendants pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 *et seq.*, in the Kershaw County Court of Common Pleas. The Defendants removed this action pursuant to 28 U.S.C. § 1331.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted as to Plaintiffs' federal claims, and Plaintiffs' remaining state law claims be remanded to

the Kershaw County Court of Common Pleas. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 17, 2021. To date, neither party has filed any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED**, and the claims against them are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' remaining state-law claims are **REMANDED** to the Kershaw County Court of Common Pleas. Furthermore, as Defendant Responding Unit 202 does not appear to have been served, that Defendant should be dismissed pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Signed this 13th day of October 2021, in Columbia, South Carolina.

                                               s/ Mary Geiger Lewis
                                               MARY GEIGER LEWIS
                                               UNITED STATES DISTRICT JUDGE